**Dr. Peter G. GORMAN, Plaintiff,**

v.

**POLAR ELECTRO, INC., Defendant.**

**No. CV 99–2575(ADS).**

United States District Court,
E.D. New York.

April 17, 2001.

Cobrin & Gittes, New York City, By Peter T. Cobrin, Oren J. Warshavsky, Clyde A. Shuman, of counsel, for Plaintiff.

Hoffmann & Baron, LLP, Syosset, By Charles R. Hoffmann, Alan M. Sack, of counsel, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Dr. Peter Gorman ("Gorman" or the "plaintiff") commenced this case on May 5, 1999, when he filed the complaint alleging patent infringement. In a letter dated March 22, 2000, the plaintiff moved for a protective order barring the deposition of Jackson Stanland ("Stanland"), his patent agent. Gorman argued that the questioning of Stanland by Polar Electro, Inc. ("Polar" or the "defendant"), would lead to the discovery of privileged material that related to the preparation of the applications giving rise to the patents in suit. On April 24, 2000, United States Magistrate Judge Viktor V. Pohorelsky denied Gorman's request for a protective order, finding that the attorney client privilege did not extend to the patent agent in this case. Presently before the Court is Gorman's objection to Judge Pohorelsky's decision.

## I. BACKGROUND

Stanland is not an attorney but, rather, is a registered patent agent with the United States Patent and Trademark Office. On an unspecified date, Stanland prepared and prosecuted the three patents-in-suit on behalf of Gorman. When Polar sought to depose Stanland, Gorman moved the Court for a protective order, arguing that any and all communication, documents, and information Gorman provided to Stanland as part of the preparation and prosecution giving rise to the patents-in-suit was protected by the attorney-client privilege.

Judge Pohorelsky denied the plaintiff's request for a protective order in a Memorandum of Decision dated April 24, 2000. Judge Pohorelsky noted that the party asserting the attorney-client privilege has the burden of establishing eight elements of the privilege and reiterated those elements as they have been outlined by the Second Circuit:

(1) Where legal advice of any kind is sought (2) from a professional legal ad-

visor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

(April 24, 2000 Order) (quoting *In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1036 (2d Cir.1984)). Judge Pohorelsky found that Gorman had not cited a case in which a court has held that the phrase, "professional legal advisor," included a patent agent.

The Judge also held that the plaintiff's reliance upon *Sperry v.. Florida,* 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), and *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800 (Fed.Cir.2000), was misplaced, because neither case holds that "communications to a patent agent, without more, qualifies for protection under the attorney-client privilege" (April 24, 2000, Order). Judge Pohorelsky stated that *Sperry* stood for the proposition that a state court cannot prohibit a federally licensed patent agent, who is not an attorney, from providing his services. He further stated that the court in *Spalding Sports* held that the attorney-client privilege protected an invention record that had been submitted to corporate in-house counsel, because it had been " 'provided to an attorney for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding' " (April 24, 2000, Order (quoting *Spalding Sports,* 203 F.3d at 805)).

Judge Pohorelsky recognized that although "the services provided by patent agents and patent lawyers are indistinguishable in some respects, and ... there may be some intellectual force to the argument that communications by a client to his or her patent agent should receive the same protection as they would if made to

an attorney ... [that] is not the state of the law" (April 24, 2000, Order). Thus, the court concluded, the extension of the attorney-client privilege to cover communications made to patent agents is not warranted.

Presently before this Court is Gorman's objection to Judge Pohorelsky's ruling. Gorman claims that the law in the Eastern District of New York clearly provides that the attorney-client privilege protects communications between a patentee and his patent agent during the course of patent prosecution. Gorman cites *Stryker Corp. v. Intermedics Orthopedics, Inc.,* 145 F.R.D. 298, 304 (E.D.N.Y.1992), in support of this proposition. He also refers to *Sperry,* 373 U.S. at 383, 83 S.Ct. 1322, for the assertion that " 'the preparation and prosecution of patent applications for others constitutes the practice of law' " (Plaintiff's Objection, p. 3) (quoting *Sperry,* 373 U.S. at 383, 83 S.Ct. 1322). The plaintiff also points to two district court cases, *Vernitron Medical Products, Inc. v. Baxter Laboratories, Inc.,* 186 U.S.P.Q. 324 (D.N.J.1975), and *In re Ampicillin Antitrust Litigation,* 81 F.R.D. 377 (D.D.C. 1978), in which he claims the respective courts held that the privilege that applies to communications between an attorney and his client applies with equal force to communications between a registered patent agent and his client. According to Gorman, the order at issue fails to account for this rule, and therefore, it is contrary to law and should be vacated by this Court.

Furthermore, Gorman contends that he sent Stanland documents and other information to facilitate the preparation and prosecution of the patent applications. Gorman claims that Stanland's effective representation of Gorman relied upon the full and free disclosure of information from Gorman. The plaintiff argues that such

disclosure is only provided when the communications are protected by the attorney-client privilege.

In its response to Gorman's objection, Polar contends that the Judge's April 24, 2000, Order was not contrary to law. Polar notes that although the courts are divided, "the only time the Eastern District of New York has unequivocally protected communications between a patentee and a patent agent under the attorney-client privilege was when the patent agent was acting under the authority and control of counsel" (Polar's Response, p. 2). Polar supports this proposition with references to *Saxholm v. Dynal, Inc.*, 164 F.R.D. 331, 337 (E.D.N.Y.1996), *Stryker*, 145 F.R.D. at 304, and *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 204 (E.D.N.Y.1988). The defendant maintains that Gorman did not establish that Stanland was acting under the authority or control of counsel, and, therefore, Judge Pohorelsky's holding that the communications between Gorman and Stanland were not protected by the privilege was consistent with existing law.

Polar emphasizes that the plaintiff also has not met his burden of setting forth sufficient facts to establish all the elements of the privilege. It claims that none of Gorman's moving papers addresses any of the elements he is required to establish in order to reap the benefits of the attorney-client privilege. Polar further asserts that Gorman failed to submit arguments or facts that support expanding the privilege to cover patent agents who are not acting under the authority and control of an attorney.

Alternatively, Polar maintains that Gorman waived the right to the privilege, because his relationship with Stanland involved more than simply applying for and prosecuting the patents. In particular, Polar contends that Stanland primarily provided Gorman with business and commercial advice. Because the primary purpose of the communications was not legal advice, Polar contends that the privilege should not apply to them. Polar further alleges that most of the communications were revealed to one Dr. Uwe Schwiegelshohn, who is not an attorney, and Gorman thus waived the privilege for that reason as well.

## II. DISCUSSION

Review of Judge Pohorelsky's ruling is governed by Rule 72 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Rule 72(a) provides; in relevant part, as follows:

A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.... The district judge to whom the case is assigned shall consider ... objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A) (providing for the same deferential standard of review of nondispositive matters).

Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden. *See, e.g., Com Tech Assocs. v. Computer Assoc. Int'l*, 753 F.Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991). Pursuant to Rule 72(a), "[a] magistrate [judge] ... may issue orders regarding nondispositive matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied,*

498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *see Popular Imports, Inc. v. Wong's Int'l, Inc.,* 166 F.R.D. 276, 277 (E.D.N.Y.1996) ("Pretrial discovery questions are generally considered nondispositive and are thus reviewed under this 'clearly erroneous' standard.").

Thus, the issue presented here is whether Judge Pohorelsky's decision not to apply the attorney-client privilege to communications between a patent agent and his client was clearly erroneous or contrary to law. Whether such privilege applies to a patent agent is not a straightforward issue and has been the subject of disagreement among various federal court. *See Stryker Corp. v. Intermedics Orthopedics, Inc.,* 145 F.R.D. 298, 304 (E.D.N.Y.1992); *In re Ampicillin Antitrust Litigation,* 81 F.R.D. 377, 392 (D.D.C.1978). However, courts in this Circuit generally have held that the attorney-client privilege applies to " 'confidential communications with patent agents acting under the authority and control of counsel,' when the communications relate to the prosecution of a patent application in the United States." *Saxholm v. Dynal, Inc.,* 164 F.R.D. 331, 337 (E.D.N.Y.1996) (quoting *Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 204 (E.D.N.Y.1988)); *Golden Trade v. Lee Apparel Co.,* 143 F.R.D. 514, 518–19 (S.D.N.Y.1992) (concluding that if a patent agent is acting to assist an attorney in providing legal services, the client's communications with him should come within the privilege, and if the patent agent is not assisting an attorney, the privilege should not be invoked).

Indeed, this interpretation of the privilege is consistent with its underlying rationale and with its application to communications with other specialists who assist attorneys. *See Golden Trade,* 143 F.R.D. at 519; *see also United States v. Kovel,* 296 F.2d 918, 922 (2d Cir.1961); *Occidental Chemical Corp. v. OHM Remediation*

*Services Corp.,* 175 F.R.D. 431, 436 (W.D.N.Y.1997) (noting that the attorney-client privilege has been extended to representatives of the attorney, including administrative practitioners such as patent agents employed by patent attorneys); *United States Postal Service v. Phelps Dodge Refining Corp.,* 852 F.Supp. 156, 161 (E.D.N.Y.1994) (holding that the attorney-client privilege is now recognized as extending to representatives of the attorney, such as accountants; administrative practitioners not admitted to the bar; and non-testifying experts).

Further, the two cases that favor expanding the privilege to apply to communications made to patent agents pre-date the decisions of this Circuit and were issued from courts outside the Second Circuit. *See Ampicillin,* 81 F.R.D. at 394 ("[W]here a client, in confidence, seeks legal advice from a registered patent agent who is authorized to represent that client in an adversary process that will substantially affect the legal rights of the client, which thereby necessitates a full and free disclosure from the client to the legal representative so that the representation may be effective, the privilege will be available."); *Vernitron,* 186 U.S.P.Q. at 325–326 ("In the special field of patents, there can be no question that all of the considerations which support the basis for the privilege between a client and a general practitioner handling an automobile accident claim apply with equal force to an inventor or other applicant for a patent and the representative engaged to handle the matter for him, whether he be a "patent attorney" or a "patent agent", so long as he is "registered by the Patent Office." "). As such, *In re Ampicillin* and *Vernitron* are inapposite.

■ In this case, Judge Pohorelsky properly noted that the burden of proving each of the eight elements of the privilege

rests on the party claiming the protection. *See In re Horowitz,* 482 F.2d 72, 82 (2d Cir.), *cert. denied,* 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973); *United States Postal Service v. Phelps Dodge Refining Corp.,* 852 F.Supp. 156, 159 (E.D.N.Y. 1994). In addition, he based his decision, in part, on the Second Circuit's preference to confine the privilege "within the narrowest possible limits underlying its purpose." *See United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 504 (2d Cir.1991). However, Judge Pohorelsky did not specifically find that Stanland was not acting under the authority or control of an attorney. Rather, he declined to apply the privilege to Gorman's communications with Stanland on the ground that the current state of the law does not extend the attorney-client privilege to communications between a patent agent and his client (*see* April 24, 2000, Order). However, as noted above, the courts in this Circuit have found that under certain circumstances, in limited cases, communications between a patent agent and his client are protected.

Therefore, although this Court cannot determine whether the outcome of Judge Pohorelsky's decision was erroneous, the Court finds that the basis on which Judge Pohorelsky denied Gorman's motion was contrary to law. Before determining whether communications between Stanland and Gorman are protected, the Court must determine whether Stanland was acting under the authority and control of counsel. *Saxholm,* 164 F.R.D. at 337; *Golden Trade,* 143 F.R.D. at 518–19; *Cuno,* 121 F.R.D. at 204; *see also Kovel,* 296 F.2d at 922; *Occidental Chemical,* 175 F.R.D. at 436; *Phelps Dodge Refining,* 852 F.Supp. at 161. If this is the case, then the communications between Stanland and Gorman should be protected by attorney-client privilege. Accordingly, the Court remands this issue to United States Magistrate Judge William D. Wall, to whom this case has been reassigned, to make that determination, namely, whether Stanland was acting under the authority and control of an attorney when he obtained the information sought to be disclosed.

### III. *CONCLUSION*

Having reviewed the submissions of the parties, it is hereby

**ORDERED**, the objection to the Order of April 24, 2000 of Magistrate Judge Pohorelsky is hereby **SUSTAINED**, and it is further

**ORDERED**, that the issue of whether the attorney-client privilege shall apply to the deposition of Mr. Jackson Stanland is remanded to Magistrate Judge William D. Wall for further proceedings consistent with this decision; and it if further

**ORDERED**, that Judge Pohorelsky's April 24, 2000, Order is held in abeyance pending Judge Wall's decision upon remand.

**SO ORDERED.**